(120 App. Div. 375)

### In re STERN.

(Supreme Court, Appellate Division, First Department.　June 21, 1907.)

ATTORNEY AND CLIENT—DISBARMENT—GROUNDS.

An attorney was guilty of misconduct, warranting disbarment, where he converted to his own use $50 received upon a collection, where on his advice he was instructed to appeal from a judgment, received $24 to be deposited as costs, etc., the appeal was dismissed for his failure to make the deposit, and he never paid the court stenographer $27 received for payment to him, and where he neglected to take another appeal, his client being compelled to pay the judgment, though the attorney had received instructions to appeal, and $37 to cover costs and expenses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 55, 56.]

Application to disbar Charles E. Stein, an attorney.　Respondent disbarred.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and LAMBERT, JJ.

PER CURIAM.　The referee to whom it was referred to take the proof of the charges against this attorney has reported upon the facts, and as to each of the three several charges has reported that the said respondent was guilty of deceit, fraud, malpractice, and gross unprofessional conduct.　A careful examination of the record satisfies us that the finding and conclusions of the referee are fully sustained by the evidence.

One of the charges was based upon the misappropriation and conversion to his own use of the sum of '$50 received by the attorney upon the collection of an amount due upon a chattel mortgage.　It is satisfactorily shown that the mortgagor paid the full amount due, namely, $200, to the person selected by the respondent to do the actual work of collecting, and that that sum was paid over by said person to the respondent.　The client received from the respondent, as is conceded by the respondent, but $150.　The respondent claims that that was the full amount received by him.　There is no reason to disturb the finding of the referee that the respondent did receive $50 in addition to the amount turned over by him to his client, and appropriated the same to his own use.

Another charge is that respondent, having been retained to appear for a defendant in an action in the Municipal Court, the case having been tried and a judgment having been entered against his client, advised an appeal, and was by his client instructed to take an appeal; that he received from his client the sum of $24 to be deposited with the clerk of the Municipal Court as costs for the purpose of perfecting the appeal, and the further sum of $27 to pay to the stenographer of said

court for a transcript of his minutes. The appeal was subsequently dismissed by the Appellate Term, upon the ground that the amount of costs had not been deposited, and that, therefore, the appeal had not been perfected. Respondent's client was obliged to pay the full amount of the judgment, with costs and keeper's fees, amounting in the aggregate to about $400 It is conclusively established that he received from his client $27 for the stenographer, and that the stenographer delivered the minutes, but has never been paid.

The third charge is that in another case, by the negligence of the respondent, the time to take an appeal from a judgment entered against his client in the Municipal Court had expired, although he had received instructions to take an appeal, and $37 to cover costs and expenses, and that for some considerable time after the respondent knew that the time had expired in which he could take the appeal he deceived his client by the false representation in writing that the appeal was as matter of fact pending. His client was compelled to pay the full amount of the judgment.

The amounts misappropriated are small, and the cases themselves do not involve a large amount of money. These facts, instead of mitigating, aggravate the offense of the attorney. Litigants who seek the inferior courts are peculiarly at the mercy of their attorneys. Their interests are often of greater proportional importance to them than those of litigants who seek higher tribunals.

The only contact with the courts of justice which a very large portion of the population ever has is with the minor courts of criminal and civil jurisdiction. It is of great concern to the community that such contact should result in respect for the courts and confidence in the administration of the law. It is of the utmost importance that honor and fair dealing should be the invariable rule of members of the profession. It is especially so when dealing with the poor and helpless. Amounts involved are of no consequence. The standard which this court requires of its officers is not to be measured in dollars and cents. An attorney who betrays his trust, who deceives his client, not only disgraces himself, but discredits in the minds of those cognizant of his acts the whole administration of justice. Upon the conclusions of the referee, correctly drawn from the facts found, this court cannot hesitate.

The motion to disbar the respondent is granted.