### In re BOEHM.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. ATTORNEY AND CLIENT (§ 44*)—NEGLECT OF ATTORNEY—PROSECUTING ACTIONS.

In the fall of 1906, respondent, an attorney, was retained to sue on a promissory note, receiving $25 at the time for disbursements, under an agreement to accept one-fourth of the amount recovered as compensation. After the answer was filed in June, 1907, respondent did nothing further in prosecuting the action until November 12, 1910, when the case was noticed for trial and placed on the calendar. The client made several inquiries as to the progress of the case, in answer to which, on November 21, 1908, respondent wrote that he was surprised at his client's inquiries, and that he had every reason to believe the case would be reached during the coming month or during the first week in April at the latest, and that it took some time for a case to be reached for trial in the Supreme Court. Such an action could have been put upon the "short cause" calendar and disposed of at once, and causes on the contract calendar are usually reached within six months. Respondent's only excuse for the delay was that he was appointed Assistant Attorney General in September, 1907, and held the office until February, 1908. Held, that respondent was guilty of such gross neglect and carelessness in prosecuting the action as to deserve the censure of the court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

2. ATTORNEY AND CLIENT (§ 44*)—IMPROPER CONDUCT OF ATTORNEY—FAILURE TO PROSECUTE ACTION.

The conduct of an attorney in assuring his client that the case was on the calendar, and was being diligently prosecuted, when it had not even been placed on the calendar or noticed for trial, was highly improper.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

In the matter of disciplining George N. Boehm, attorney. Decision as stated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

John H. Iselin, of New York City, for petitioner.

George Gordon Battle and John C. Myers, both of New York City, for respondent.

PER CURIAM. The respondent was admitted to practice in February, 1899, and has continued since that time to practice in the city of New York. In the fall of 1906 he was retained by one Lottie Thompson to bring an action on a promissory note, and at that time he received the sum of $25 for disbursements, and made an agreement with his client that he should have for his compensation one-quarter of the amount recovered. He prepared a complaint which was verified by his client on May 28, 1907. The defendant in that action interposed an answer, and the case was at issue in June, 1907. The respondent did nothing further with the action, neither noticing it for trial nor placing it on the calendar until the 12th of November, 1910, over three years after the action was at issue. Mrs. Thompson, the complainant in this proceeding, made several inquiries of the respondent as to the progress of the case, and, in response thereto, the respondent stated that the case was on the calendar for trial. On November 21, 1908, the respondent wrote his client a letter, in which he said that he was surprised at the contents of her letter to him. That letter is not produced, so we are not informed as to what occasioned his surprise. He continues:

"As a business woman I thought you appreciated that it takes some time for a case to be reached for trial in the Supreme Court. I have every reason to believe that your case will be reached during the coming month or at the latest during the first week in April. I want to try it as much as you want it tried, for on my success depends my fee."

Notwithstanding these repeated requests for information as to the cause of the delay, the respondent persistently stated that the action was on the calendar, wrote to his client that it takes some time for a case to be reached for trial in the Supreme Court, and then stated he had every reason to believe that it would be reached during the month of March or at the latest during the first week of April. A very slight acquaintance with the rules regulating the calendar practice in this department would have disclosed that an action on a promissory note could be put upon the "short cause" calendar and disposed of at once if at any time the respondent had made such a motion, and the time in which a cause on the contract calendar is generally reached does not much exceed six months. Yet, notwithstanding these repeated inquiries, he allowed the time from October, 1907, until November 12, 1910, over three years, to elapse without making any inquiry of the clerk as to the condition of the case or taking any means to ascertain why it had not been reached, but assuring his client that the case was on the calendar, that it would soon be reached, and that the reason for the delay was the time it took to reach a case when on the calendar. Yet the respondent says he was familiar with the rules in relation to calendar practice in

the county of New York. His excuse for this delay is that he received an appointment as an Assistant Attorney General which he held from September, 1907, to February, 1908; and that he thought he told his clerk to put the case on the calendar, although he admitted before the referee that he had not given such instructions.

[1] The referee reports that the charges against the respondent of fraud and deceit were not sustained, but that he was guilty of gross neglect and carelessness, and in that conclusion the court concurs. The respondent's client was entitled to have the action pressed with reasonable diligence, and, if the respondent had used the most ordinary diligence, he could easily have had the case tried in October or at the latest in November. Notwithstanding the repeated requests of his client, and without making any inquiry or investigation of any kind, he allowed more than three years to elapse; did nothing towards the performance of his duty to his client; and never moved at all until his client had an independent investigation made which disclosed the fact that the respondent had never placed the case upon the calendar.

[2]. He was thus guilty of gross neglect. and also was guilty of most improper conduct in assuring his client that the case was on the calendar, and being diligently prosecuted, when, in fact, nothing was done, and he had made no inquiry to ascertain the facts.

We feel that the respondent should be censured for his inattention and neglect, and for the false and misleading statements that he made to his client, and we refrain from further disciplining the respondent in the hope that this censure will prevent a recurrence of his misconduct.