In the Matter of ABRAHAM ROTWEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 17, 1964.

*John G. Bonomi* of counsel (*Raymond P. Whearty* with him on the brief), for petitioner.

*Paul, Weiss, Rifkind, Wharton & Garrison* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the Second Department in 1928. From that date until 1962, when he resigned, he had continuously been an outstanding law school professor. He has also engaged in active practice whereby he earned an enviable reputation for ability and character. In addition, to his credit, he was generous in the support of such members of his family as required assistance.

The charge that initiated this proceeding arose from an indictment in the United States District Court for attempted Federal income tax evasion for the years 1955, 1956 and 1957. Respondent pleaded guilty to the second count of the indictment, covering the year 1956. He was sentenced to one year in prison and fined $2,500. Sentence was suspended and respondent placed on probation for two years, it being a condition of the probation that respondent obtain a final release from the Department of Internal Revenue. The facts underlying the indictment were that during the period in question he had other income besides his legal fees and professional salary. This other income he deposited in a bank account which he maintained in his mother's name. He reported the income as his mother's and filed tax returns and paid the indicated tax in her name. Had he reported the income as his own, which it was, the total to be paid would have been greater by substantial amounts. Respondent has since paid these amounts. At no time during the criminal proceedings or in the instant proceeding has respondent been less than frank and co-operative with the respective authorities.

The inescapable fact is that respondent perpetrated a deliberate fraud on the Government. It was planned, premeditated and without the pressure of immediate necessity. Such conduct cannot escape some sanction.

It has been repeatedly enunciated that the purpose of disciplinary proceedings is not punishment per se but protection of the public from the ministrations of the unfit (*Matter of Cohen*, 9 A D 2d 436, affd. 7 N Y 2d 488). Protection is afforded not only by the revocation of the license to practice

but by a lesser sanction which would have the effect of a deterrent to the person at fault (*Matter of Boehm,* 150 App. Div. 443) and to others who might be similarly tempted (*Matter of Mahan,* 237 App. Div. 664). An equally important factor is the preservation of the reputation of the Bar (*Matter of Stern,* 120 App. Div. 375) to the end that the public will have confidence in the character of its members.

The application of the sanction appropriate to accomplish these ends depends on a number of factors, so variant that one instance seldom is altogether controlling of another. Thus, infractions which arise out of practice are deemed very serious and if they involve either deception of the court or overreaching of a client may demonstrate that it is no longer safe to allow the offender to continue at the Bar (*Matter of Bar Assn. of Erie County* v. *Powell,* 18 A D 2d 442; *Matter of Lemkin,* 17 A D 2d 550; *Matter of Bennett,* 16 A D 2d 129). Offenses not immediately connected with legal practice do not produce as clear-cut an image and hence other factors merit consideration. Among these are the prior reputation of the respondent (*Matter of Nunan,* 12 A D 2d 365), his candor in the proceedings (*Matter of Tighe,* 282 App. Div. 264), repair of any damage done to others by his conduct (*Matter of Pinckney,* 276 App. Div. 700) and, of course, the nature of the offense. In connection with the last factor, it may be quite significant whether it was induced by inexperience, by hasty action, or by yielding to overwhelming temptation or forceful pressures, economic, social or the like (*Matter of Strahl,* 13 A D 2d 446).

Applying these considerations to this proceeding, we find that the factors in favor of the respondent are such that revocation of his license is not called for. On the other hand, the deliberate nature of his act without extenuation of any sort mandates that it be treated with the severity that its seriousness imports.

Respondent should be suspended for a period of three years.

BREITEL, J. P., VALENTE, STEVENS, EAGER and STEUER, JJ., concur.

Respondent suspended from the Bar for a period of three years.