In the Matter of JEROME A. SELMAN, Admitted as JEROME ARTHUR SELMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 27, 1976

*John G. Bonomi* of counsel *(Morris Gutt* and *Ronald Eisenman* with him on the brief), for petitioner.

*Elliot F. Topper* of counsel *(Turchin & Topper,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to practice December 3, 1934 in the First Judicial Department. In this proceeding, it was charged that on March 4, 1974, an indictment was filed by a Federal Grand Jury in the United States District Court for the Southern District of New York, setting forth two counts of willful evasion of income tax on respondent's part in that respondent filed false and fraudulent income tax returns for the calendar years 1967 and 1968. It was further charged that respondent was found guilty, after trial, on both counts and sentenced to two months' imprisonment on the first count. Imprisonment on Count 2 was "suspended" and respondent was placed on probation for a period of one year, to be "consecutive" to the term of imprisonment imposed on Count 1, and subject to the standing probation order of the Federal court. At the hearing before the Referee in this disciplinary proceeding and by his answer, respondent did not contest the charge and urged mitigating personal circumstances. The record indicates that this is the first complaint or matter charged against respondent.

The Referee's findings are fully supported by the evidence and his report is confirmed. Patently, the conduct of the respondent cannot be condoned. He perpetrated a deliberate fraud on the Government. It appears from the Referee's report that respondent's health has suffered grievously as a consequence of his conviction and incarceration, and that he is likely to continue very ill. He is 63 years of age. Although respondent has not sufficiently demonstrated circumstances which mitigate his guilt, the aforesaid factors are relevant on

the appropriateness of the sanction to be imposed. Consideration of all relevant circumstances warrants concluding that a suspension from practice for a period of two years would be sufficient discipline (see *Matter of Rotwein,* 20 AD2d 428 [1st Dept., 1964]). The respondent should be suspended for a period of two years.

STEVENS, P. J., LUPIANO, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York, for a period of two years, effective February 27, 1976.