OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the convictions vacated and the indictment dismissed.
To sustain the conviction of rape in the first degree under the then applicable provisions of the Penal Law (§§ 130.35, 130.15), there must have been corroborative evidence, inter alia, of the element of "forcible compulsion”. The People urge three items of proof as meeting this requirement — evidence of prompt complaint, evidence of the complainant’s distraught emotional state immediately after the alleged assault, and *869 evidence of bruises on the complainant’s body. We conclude that the proof in this record is insufficient as a matter of law. The proof of prompt complaint and distraught emotional state on the part of this complainant might go to an issue of consent, but would not tend to establish "forcible compulsion” as that term is defined (§ 130.00, subd 8). There was proof by the complainant’s mother that she was shown "a bruise on her back” — not otherwise located or described. The only further evidence that might in any way suggest that this bruise was referable to the alleged rape came from the complainant herself and accordingly cannot be accepted as satisfying the requirement of corroboration independent of the testimony of the alleged victim.
Defendant’s related convictions for possession of a weapon as a felony and for unlawful imprisonment must be reversed in consequence of the reversal of his conviction for rape. The other convictions are factually dependent on the conviction for rape in this instance. There is no occasion, however, to consider any doctrine of merger.
In view of this disposition it is unnecessary to reach the other contentions advanced by appellant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.