In the Matter of SIDNEY FELDSHUH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 5, 1979

**APPEARANCES OF COUNSEL**

*Nicholas C. Cooper* for petitioner.

*John G. Bonomi* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar on February 21, 1934 in the Second Judicial Department.

On April 19, 1977, he pleaded guilty to filing a false income tax return in violation of section 7201 of title 26 of the United States Code. While this is a felony under Federal law, it is a misdemeanor under section 695 of the New York Tax Law. However, under *Matter of Chu* (42 NY2d 490) and *Matter of Thies* (45 NY2d 865, amd 45 NY2d 924) it is treated as a felony with respect to subdivision 4 of section 90 of the Judiciary Law.

The respondent contends that he relied on *Matter of Donegan* (282 NY 285). However, we are constrained to follow the majority determination in *Matter of Thies (supra).* As stated by the dissenting Judges at 45 NY2d 867, the question of treating a Federal felony as sufficient under the circumstances for applying the disbarment rule, is now a matter for legislative action.

Accordingly, pursuant to subdivision 4 of section 90 of the Judiciary Law of the State of New York, respondent has ceased to be an attorney and counselor at law in the State of New York. *(Matter of Mitchell,* 40 NY2d 153.)

KUPFERMAN, J. P., BIRNS, SANDLER, LANE and SILVERMAN, JJ., concur.

[M-4302] Respondent's name stricken from the roll of attorneys and counselors at law in the State of New York.

[M-561] Motion, insofar as it seeks to strike affirmative defenses, denied as moot in view of the determination of this court on motion M-4302 decided simultaneously herewith. The motion, insofar as it seeks to amend the petition to correct certain inadvertent errors described in the moving papers, is granted.

[M-4302B] Respondent is not disqualified from continued representation of respondent.