In the Matter of SIDNEY FELDSHUH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1982

APPEARANCES OF COUNSEL

*James R. Cohen* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi, P.C.,* for respondent.

OPINION OF THE COURT

*Per Curiam.*

The respondent moves to confirm the Referee's findings and disciplinary recommendations of two years' suspension from April 5, 1979. The Departmental Disciplinary Committee recommends disbarment.

The respondent pleaded guilty to filing a false income tax return and acknowledged upon his plea that he had not told the truth to the Grand Jury. He had made a charitable contribution in 1970 but backdated it to 1969 in order to receive the tax benefit. He was sentenced to three months in prison, which he has served, a one-year period of probation, which he has completed, and a $5,000 fine, which has been paid.

He was automatically disbarred pursuant to *Matter of Chu* (42 NY2d 490) and *Matter of Feldshuh* (67 AD2d 165).

Pursuant to the statute which changed the effect of the *Chu* decision, chapter 674 of the Laws of 1979, adding subdivisions 4 and 5 of section 90 of the Judiciary Law, this court vacated the respondent's automatic disbarment but continued his suspension pending final disposition by this court, and the Honorable EMILIO NUNEZ was appointed as the Referee to hear and report with respect to the appropriate discipline.

The Referee's report, while recognizing the seriousness of the crime and sustaining the charges of misconduct, recommended a suspension of two years commencing with the original suspension on April 5, 1979.

The respondent is 71 years of age with no previous blot on his escutcheon. He has been active in communal and religious affairs and enjoys a good reputation in the community. A substantial number of character witnesses testified and submitted statements on his behalf before the Referee.

While the respondent is clearly guilty of professional misconduct, we take note of his otherwise good character and standing. Respondent should be suspended from the practice of law for a period of three years from April 5, 1979.

KUPFERMAN, J. P., SANDLER, SULLIVAN, SILVERMAN and BLOOM, JJ., concur.

Respondent's motion granted to the extent of confirming the Referee's report only insofar as it recommends suspension as indicated in the order of this court.