In the Matter of STANLEY N. RICHTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 1983

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Peter L. Maroulis* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney on November 26, 1951 by the Appellate Division of the Supreme Court, First Judicial Department.

On May 7, 1982, respondent was convicted pursuant to a plea of guilty of having violated section 7203 of title 26 of the United States Code, the crime of unlawfully, willfully and knowingly failing to file income tax returns to the Director of Internal Revenue for the 1977 calendar year. He was sentenced to a term of incarceration of nine months, which was suspended except for a period of 30 days, and was also placed on probation for five years.

Petitioner Departmental Disciplinary Committee subsequently moved to suspend respondent on the ground that he had been convicted of a serious crime as defined in section 90 (subd 4, par d) of the Judiciary Law. This court, in an order entered on February 3, 1983, directed that respondent show cause why a final order of suspension, censure or removal from office should not be made, and pending final determination, suspended respondent from practice. In response, respondent submitted an affidavit in which he discusses at length his remorse, his personal problems and the hardship that a continuation of the suspension would cause him, his family and clients. He also withdraws his previous request for a hearing under section 90 (subd 4, par h) of the Judiciary Law, stating that this court already possesses sufficient information to render a proper decision with regard to the punishment to be imposed.

In determining the appropriate sanction to be imposed, it must be noted that respondent, notwithstanding his many personal difficulties, was convicted of a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law. However, he is currently serving a criminal sentence of probation. We believe that it would be inappropriate for an attorney who is under probation to practice law while he is under probation. (See *Matter of Lowell,* 88 AD2d 128.) Consequently, respondent should be suspended for six months (dating from Feb. 3, 1983) or until the expiration of his period of probation, whichever is later, and until the further order of this court.

KUPFERMAN, J. P., SANDLER, SILVERMAN, MILONAS and KASSAL, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective as of February 3, 1983, or until the expiration of his period of probation, whichever is later, and until the further order of this court.