■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAVIE LEE EVERETT, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 7, 1983, upon a verdict convicting defendant of the crime of robbery in the first degree. ¶ Jane's Variety Store, located in the City of Albany, was robbed of its cash box containing over $800 on December 20, 1982 at approximately 7:30 P.M. Present in the store at the time were two employees, Alisha Curry and her mother, Helen Curry. Alisha was working the cash register when a regular customer entered the store and asked her for a pack of cigarettes from behind the counter. After accepting the cigarettes, the customer jumped over the counter, pushed Alisha against the wall and took the cash box. The mother was near the store's entrance when she observed the robbery and attempted to close the door to prevent the robber's escape. Upon observing a four-inch knife in the robber's hand, she discontinued her efforts to prevent the robber's escape. Joseph and Eddie Bagley, who were near the store at the time of the robbery, saw the robber exit the store and heard Mrs. Curry shout that she had been robbed. They chased the robber down the street but were unable to stop him prior to his entrance into a building located at 126 Clinton Street. Police were immediately called to the scene but were unable to locate the robber at that location. That same evening the Currys were taken to the police station where they selected a photograph of defendant as being that of the robber. The next day, upon further inquiry in the neighborhood, the police searched another apartment. Defendant was found hidden in a closet under a pile of clothing. he was immediately placed under arrest and charged with robbing the store. Thereafter, defendant was indicted for robbery in the first degree by using a dangerous instrument and found guilty after a jury trial. This appeal ensued. ¶ Defendant alleges a number of errors during the trial and prior thereto. The first contention was that the trial court improperly allowed the in-court identification of defendant by the two store clerks. At the *Wade* hearing, it was disclosed that on the evening of the robbery, the Currys were shown a number of photographs from which they selected the photograph of defendant. The photographs were shown separately to each witness, without an opportunity for either to talk to the other, and not identified in any manner by the police. We conclude that the procedure was proper and not suggestive (*Simmons v United States*, 390 US 377; *People v Fox*, 65 AD2d 880). In addition, the witnesses had an independent means of identifying defendant because he had been a regular customer in their store for at least two years preceding the robbery (*People v Brown*, 34 NY2d 879; *People v Oakley*, 28 NY2d 309). ¶ Defendant also challenges the trial court's *Sandoval* ruling, which permitted cross-examination into defendant's 1976 conviction for criminal possession of stolen property in the third degree, his 1974 conviction for burglary in the third degree, and his 1980 conviction for issuing a bad check. The court excluded two other convictions. Under these circumstances, the court must exercise its discretion on a case-by-case basis (*People v Sandoval*, 34 NY2d 371). In this case, credibility of defendant and his other alibi witnesses was the major issue to be resolved by the jury. The court balanced the probative value and prejudicial effect of the convictions prior to making its ruling. We find nothing improvident in the

discretion exercised by it (*People v Dodt*, 92 AD2d 1063, revd on other grounds 61 NY2d 408; *People v Stroman*, 83 AD2d 370; *People v Watson*, 57 AD2d 143, revd on other grounds 45 NY2d 867). ¶ Defendant also contends that it was error for the trial court to refuse to charge robbery in the second degree as a lesser included offense of robbery in the first degree. Applying the second test of *People v Glover* (57 NY2d 61, 63), we conclude that no reasonable view of the evidence could have supported the commission of any offense less than that of robbery in the first degree. The indictment charged defendant with threatening the use of a dangerous instrument (a knife with a four-inch blade) to assist him in his immediate flight from the scene (Penal Law, § 160.15). The only other evidence which was introduced was defendant's testimony that he was not at the scene. The issues were strictly drawn by the evidence. There was no evidence indicating that the robbery was committed within the definition of robbery in the second degree (Penal Law, § 160.10; *People v Zuziela*, 98 AD2d 161, 163). ¶ We have reviewed defendant's other contentions and find them to be without merit. ¶ Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.