In the Matter of ARTHUR COWAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 22, 1985

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Arthur Cowan,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order: (1) confirming the findings of a report of a hearing panel (Panel); (2) disaffirming the Panel's recommendation on sanction; and (3) suspending respondent Arthur Cowan (respondent) for a period of three years from the practice of law.

In response to DDC's motion, respondent, *pro se,* cross-moves for an order: (1) also confirming the findings in the report of the Panel; (2) confirming that portion of the Panel's recommendation that recommends the sanction of censure; (3) disaffirming that portion of the Panel's recommendation that recommends, in addition to the sanction of censure, that this court stay respondent's suspension for a period of three years, effective July 8, 1983, on condition that respondent pay all back taxes for 1972 through 1975 and donate one third of respondent's salary to charity; and (4) deny DDC's motion.

Respondent was admitted to practice in the First Judicial Department on March 22, 1965 and maintained an office for the practice of law in the First Judicial Department during the period covered by the charge.

On April 21, 1983, the United States Attorney for the Southern District of New York filed a criminal information (83 Cir 219) charging respondent, in violation of 26 USC § 7201, with four felony counts of tax evasion for the calendar years 1976 through 1979. In substance, this criminal information (information) alleged that respondent willfully and knowingly failed to report nearly $73,000 in earned interest: $16,095 in 1976 (count one), $16,962 in 1977 (count two), $19,463 in 1978 (count three), and $21,259 in 1979 (count four). Thereafter, on that same date, respondent pleaded guilty to the fourth count, in satisfaction of the entire information. Following respondent's guilty plea, on June 9, 1983, Judge Whitman Knapp imposed a $10,000 fine, suspended the imposition of sentence and placed respondent on probation for one day. In this criminal proceeding, respondent was represented by counsel.

By our order (M-2967), entered July 8, 1983, we granted respondent's motion, pursuant to Judiciary Law § 90 (4) (f), for a stay of his suspension, due to his conviction. Subsequently, based upon respondent's conviction, the DDC filed a "serious crime" petition (Judiciary Law § 90 [4] [d]), dated July 13, 1983, against him. In an order (M-3545), entered November 23, 1983, we continued, until further order of this court, the stay of respondent's suspension, and referred this matter to the DDC "for a hearing and report with recommendations as to an appropriate sanction to be imposed upon respondent."

In accordance with this court's order, a hearing was held before a Panel, and the respondent was represented by counsel.

Respondent, who is approximately 58 years old, has been continuously employed, since shortly after his admission to the Bar in 1965, as a staff attorney with the Legal Aid Society (Society). Since 1979, respondent has been assigned to the Civil Branch, primarily doing landlord-tenant work.

During February and March 1984, three hearing sessions were held by the Panel, and nine witnesses testified for respondent, including himself, his wife, a physician, clients, professional colleagues and a Judge of the Housing Part of the Civil Court of the City of New York. In addition to this testimony, the Panel received numerous posthearing memoranda from both the DDC counsel staff and the respondent between April 30, 1984

and August 11, 1984. After April 28, 1984, the respondent has appeared *pro se.*

In substance, respondent's position is that the following factors mitigate the seriousness of his conviction: (a) a serious illness that he suffered in 1973, which was diagnosed as Crohn's disease, and is now in remission and is being treated by medication; (b) his dedication to the Society and his clients; (c) his repayment of back taxes and interest; (d) the clemency of Judge Whitman Knapp; (e) his hitherto unblemished record and a good reputation; and (f) his alleged candor and contrition when confronted with the evidence of his tax evasion.

The Panel, in a 16-page report, found, *inter alia:*

"Respondent testified * * * that he understated his income on his federal tax returns prior to 1976. He admitted that he knowingly failed to report significant amounts of interest earned in 1972, 1973, 1974 and 1975 * * * Respondent also admitted that he deliberately took a number of deductions in the tax years 1972 through 1979 to which he was not entitled * * * Respondent has not reported, or paid any taxes, interest or penalties on, any of the interest income unreported prior to 1976 or any of the improper deductions taken between 1972 and 1979 * * *

"Respondent is plainly guilty of professional misconduct * * * [T]he salient fact * * * [is] that Respondent admittedly 'perpetrated a deliberate fraud on the Government' (*In re Selman,* 51 AD 2d 77, 78 (1st Dept. 1976)) * * *

"[W]e cannot overlook the fact that, on numerous occasions, Respondent failed to testify fully and candidly in this proceeding in response to questions posed by the [DDC] staff. Moreover, based on our observation of the Respondent at the hearing, it is our conviction that the discrepancies in his testimony cannot be attributed entirely to faulty recollection * * *

"[W]e note that Respondent continues to enjoy the benefits of his tax evasion. He has not filed any amended tax returns for the years 1972 through 1975, even though he has conceded that each one of those tax returns is in part false and has not paid any back taxes, interest or penalties on any deficiencies for those years. Moreover, it appears that Respondent has not notified the IRS, and the IRS is unaware, of the admittedly improper deductions taken for the years 1976 through 1979.

"In sum, the mitigating factors * * * are offset, if not overshadowed, by Respondent's conflicting testimony before the Panel and his continuing tax evasion."

Even though the Panel made the findings set forth *supra,* concerning the respondent's lack of professional character, it concluded its report with the following recommendation: "Notwithstanding Respondent's failure to testify with complete candor before the Panel, the record plainly establishes that he is a highly competent and dedicated attorney whose legal services to the most under-represented segment of our society would be difficult, if not impossible, to replace. A three-year suspension, therefore, would harm, not benefit, the public. Accordingly, we recommend (a) that Respondent be censured and (b) that the Court continue the stay of Respondent's suspension, for a period of three years, effective July 8, 1983, on condition that Respondent (i) pay all back taxes, interest and penalties for the years 1972 through 1975 within 60 days of the date of entry of this Court's order and (ii) donate one-third of his salary to a charitable organization qualified under Section 501 (a) of the Internal Revenue Code for a period of three years from that date."

While the DDC moves to confirm the Panel's findings, it moves to disaffirm the Panel's sanction, and contends that respondent, in view of his serious acts of misconduct, should be suspended for three years, in accordance with prior determinations of this court, such as *Matter of Rotwein* (20 AD2d 428) and *Matter of Feldshuh* (84 AD2d 284).

In his cross-moving papers, respondent, in pertinent part, contends that the only sanction that should be imposed upon him is censure "for the very compelling reason that he [respondent] protects the public and his suspension would harm the public".

Based upon their own findings of a pattern of tax evasion engaged in by respondent for the better part of a decade and respondent's lack of candor before them, we find the Panel's recommended sanction unjustified. Furthermore, we find without merit respondent's arguments in support of his cross motion.

As we stated in *Matter of Rotwein* (*supra,* at pp 429-430):

"The inescapable fact is that respondent perpetrated a deliberate fraud on the Government. It was planned, premeditated and without the pressure of immediate necessity. Such conduct cannot escape some sanction.

"It has been repeatedly enunciated that the purpose of disciplinary proceedings is not punishment per se but protection of the public from the ministrations of the unfit (*Matter of Cohen,* 9 A D 2d 436, affd. 7 N Y 2d 488) * * * An equally important factor is the preservation of the reputation of the Bar (*Matter of Stern,*

120 App. Div. 375) to the end that the public will have confidence in the character of its members."

Accordingly, the motion of the petitioner and the respondent's cross motion are both granted only to the extent of confirming the findings in the report of the hearing panel, and said motions are otherwise denied; and it is

Ordered, that respondent be, and he hereby is, suspended from the practice of law for a period of one year and until the further order of this court.

MURPHY, P. J., SANDLER, ROSS, CARRO and ELLERIN, JJ., concur.

Motion and cross motion both granted only to the extent of confirming the findings in the report of the hearing panel, and otherwise denied, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective September 23, 1985, and until the further order of this court.