In the Matter of PATRICK HENRY DIAMOND, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 13, 1986

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*James H. Reidy* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Patrick Henry Diamond, was admitted to practice as an attorney by the Appellate Division of the Supreme Court, First Judicial Department, on December 12, 1966. On June 7, 1984, respondent was notified that the IRS had recommended to the United States Justice Department that he be prosecuted for filing false tax returns. The case was tried before United States District Court Judge Robert Reynold Merhige, without a jury, on September 27, 1985, and respondent was found guilty of two felony counts of filing a false income tax return in violation of 26 USC § 7206 (1). On October 31, 1985, respondent was sentenced to one year and one day in prison on count one, was placed on probation for a period of three years on count two and was directed to pay all taxes, penalties and interest due and owing to the IRS and the costs of prosecution of the case. An appeal to the United States Court of Appeals for the Fourth Circuit is pending.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, seeks an order of this court determining that the crime of which the respondent was convicted is a serious crime, directing that respondent be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and further directing that pursuant to Judiciary Law § 90 (4) (g) respondent be ordered to show cause why a final order of censure, suspension or removal from office should not be made.

Respondent was convicted of a Federal crime involving false representations on a tax return, which qualifies as a serious crime under Judiciary Law § 90 (4) (d). Pursuant to Judiciary Law § 90 (4) (f) an attorney convicted of a serious crime shall automatically be suspended until a final order is made pursuant to paragraph (g) of § 90 (4), which directs that this court order the attorney to show cause why a final order of suspension, censure or removal should not be made. Respondent's request that the petition be deferred until his appeal is resolved must be denied as the proper relief would be to seek reinstatement if his conviction is reversed on appeal. (*Matter of Ginsberg*, 1 NY2d 144, 147.)

Respondent's request that we review the trial record below must also be denied, since in a disciplinary proceeding an attorney may only introduce evidence which explains or mitigates his conviction and may not relitigate the issue of his guilt. (*Matter of Levy*, 37 NY2d 279.) Respondent has not

submitted any showing that his suspension should be set aside "upon good cause shown". Accordingly, it is ordered that respondent be suspended from the practice of law and be ordered to show cause within 30 days of the date of entry of this order why a final order of censure, suspension or removal from office should not occur.

SANDLER, J. P., CARRO, FEIN, MILONAS and ELLERIN, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made, and pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective May 13, 1986, and until the further order of this court.