In the Matter of RUSSELL KEITH EISMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 28, 1988

## APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Bee, DeAngelis & Eisman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Russell Keith Eisman was admitted to practice as an attorney and counselor-at-law by the Appellate Division, First Judicial Department, on January 14, 1980. The respondent pleaded guilty on August 5, 1987, in the District Court of Nassau County, to the class A misdemeanor of petit larceny, section 155.25 of the Penal Law of the State of New York. On September 16, 1987, respondent was sentenced to a term of probation of three years, with therapy as directed by the Probation Department. Respondent submitted an affidavit admitting the conviction and stating that he had no objection to a suspension of his license to practice law for a period coextensive with his probation period.

The petitioner Departmental Disciplinary Committee moved for an order determining that the crime of which the respondent had been convicted was a serious crime within the meaning of 22 NYCRR 603.12 (b) and directing that the respondent be suspended pursuant to section 90 (4) (f) of the Judiciary Law of the State of New York upon said determination, and further directing, pursuant to section 90 (4) (g) of the Judiciary Law, that the respondent be ordered to show cause why a final order of censure, suspension or removal from office should not occur.

Neither the petitioner's papers nor respondent's affidavit set forth the circumstances underlying the conviction herein, although respondent indicated that "health problems" were directly related to the misconduct complained of.

In an order dated January 5, 1988, this court granted the motion by petitioner Departmental Disciplinary Committee to the extent of suspending respondent from the practice of law pending a final determination and order of this court and further directing respondent to show cause why a final order of suspension, censure or removal from office should not be made.

Respondent submitted an affidavit, dated February 3, 1988, admitting his conviction and stating that he has no objection

to entry of an order suspending him from the practice of law for a period of three years, coextensive with his period of probation.

In mitigation, respondent disclosed his addiction to narcotic drugs and described a history of substance abuse over a period of years. He attributed the conduct underlying his conviction to a compelling need to obtain drugs.

Respondent entered the detoxification facility of Beth Israel Hospital in October 1986 and subsequently entered the Argus Community, a residential drug program, where he remained for approximately one year. Respondent is an outpatient at the Coney Island Hospital drug-free treatment program and is presently employed by a division of Catholic Charities.

This court has previously held that an attorney on probation may not practice law during the term of probation (Matter of Richter, 93 AD2d 505, 506). The Departmental Disciplinary Committee, however, submits that the facts herein do not necessitate a more serious sanction. We agree.

The issues of respondent's rehabilitation and his fitness to practice law will have to be fully explored at a hearing, if and when he applies for reinstatement. At that time, respondent will bear the burden of demonstrating his physical and psychological recovery from the use of narcotics and will have to demonstrate his fitness to be reinstated, including the risk that, as a former addict, he will resume the use of drugs. He will also have to explain, if he still maintains that position, the alleged "causal" connection between his drug use and his recent larceny conviction.

Since the Committee notes that it has no information at this time which would suggest that respondent should be disbarred or suspended for more than three years, the motion by petitioner should be granted to the extent of suspending respondent from the practice of law for a period of three years, coextensive with the term of his probation, and until further order of the court.

KUPFERMAN, J. P., SULLIVAN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, coextensive with the term of his probation, and until the further order of this court.