In the Matter of PATRICK HENRY DIAMOND, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 1989

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC) for

the First Judicial Department, moves for an order confirming the findings of a report of a Hearing Panel and suspending respondent Patrick Henry Diamond from the practice of law for a period of one year, commencing May 13, 1986 or upon the termination of his criminal probation, whichever is later.

Respondent, Patrick Henry Diamond was admitted to the practice of law in New York by the First Judicial Department on December 12, 1966.

On or about September 27, 1985, respondent was found guilty, after a nonjury trial, in the United States District Court for the Eastern District of Virginia, of two felony counts of filing false income tax returns, in violation of 26 USC § 7206 (1). On October 31, 1985, respondent was sentenced to a period of incarceration of one year and one day as to count 1, and, as to count 2, a period of three years' probation to commence upon his release from confinement. This conviction was affirmed on appeal. *(United States v Diamond,* 788 F2d 1025 [4th Cir 1986].) Respondent, who was released on January 22, 1987, is currently on probation, in accordance with the sentence imposed as to count 2; this period of probation is scheduled to terminate on January 21, 1990.

The petitioner DDC moved for an order determining that the crimes of which respondent has been convicted were "serious crimes" within the meaning of 22 NYCRR 603.12 (b) and Judiciary Law § 90 (4) (d), directing that respondent be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and further directing, pursuant to Judiciary Law § 90 (4) (g) that respondent be ordered to show cause why a final order of censure, suspension or removal from office should not be made. On May 13, 1986, this petition was granted, and respondent suspended from the practice of law. (117 AD2d 114, 115-116.)

On May 26, 1986, in what appears to have been an attempt to comply with the court's directive, respondent submitted an affidavit captioned "In Response to the Court's Order to Show Cause," which detailed respondent's background, education and experience and discussed the conviction which was the predicate for the serious crime petition. This court deemed the affidavit a motion to reargue the finding that respondent's conviction was a serious crime, and, by order dated September 11, 1986, denied the motion. No final order was issued at that time.

Respondent subsequently moved to be reinstated to the

practice of law on June 1, 1988. This court denied the application and, by order dated October 11, 1988, remanded the matter for a hearing and report regarding the appropriate final sanction to be imposed.

On February 23, 1989, a hearing was convened before a designated Hearing Panel of the DDC; neither respondent nor his attorney appeared despite the ample notice given them. At that time, staff counsel requested the Hearing Panel recommend respondent be suspended for a period of three years or until respondent's probation was terminated, whichever was later. Counsel further requested that the suspension run from the date of the Hearing Panel's report, rather than nunc pro tunc from the date of respondent's initial suspension, although conceding that suspensions following similar criminal convictions are for a period of six months or one year.

The Hearing Panel's report, issued on June 12, 1989, rejected these recommendations. The report noted "that if the DDC's recommendation were accepted, the *minimum* period of respondent's actual suspension * * * would be almost six years, for a crime which ordinarily warrants a sanction of no more that one year. Such a severe sanction is unjustified and patently unfair" (emphasis added). The Hearing Panel recommended that respondent be suspended for a period of one year, commencing May 13, 1986, the date of the initial suspension, or until after his probation was completed, whichever is later, and until such further order of this court.

By notice of motion dated June 26, 1989, the DDC moves for an order confirming the report of the Hearing Panel. Respondent has not, to date, responded to this motion.

This court has previously held that an attorney who is on probation may not engage in the practice of law during the probationary period. *(Matter of Eisman,* 136 AD2d 341, 343 [1st Dept 1988] [respondent who had been sentenced to a term of three years' probation upon conviction of petit larceny, a class A misdemeanor, suspended for three years coextensive with his term of probation]; *Matter of Richter,* 93 AD2d 505, 506 [1st Dept 1983] [respondent who was convicted of violating 26 USC § 7203, willful failure to file income tax returns, and sentenced to nine months' incarceration and five years' probation, suspended for six months, following the term of probation].) The sanctions imposed by this court for offenses which are "serious crimes" similar to those involved herein range from six months *(Matter of Richter, supra; Matter of Sorkin,*

80 AD2d 31, 32 [1st Dept 1981] [filing false income tax returns warranted six months' suspension]) to one year *(Matter of Cowan,* 110 AD2d 53, 54, 56 [1st Dept 1985] [four felony counts of tax evasion]). If this court confirms the Hearing Panel's findings and imposes the recommended sanction, assuming that respondent is not discharged early from probation, the length of his suspension will be approximately 3½ years.

Accordingly, the motion of the DDC to confirm should be granted, and the Hearing Panel's report confirmed, to the extent of ordering that respondent be, and hereby is, suspended from the practice of law for a period of one year, commencing May 13, 1986, the date of his initial suspension, or the date he was placed on probation, whichever is later, with such suspension to be coextensive with his probation, and until such further order of this court.

Ross, J. P., Carro, Milonas, Ellerin and Rubin, JJ., concur.

Respondent is suspended from the practice of law for a period of one year effective May 13, 1986, the date of his initial suspension, or the date he was placed on probation, whichever is later, with such suspension to be coextensive with his probation and until the further order of this court.