In the Matter of ROBERT B. LEVINE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Robert B. Levine, Esq., was admitted to the practice of law in New York, by the Second Judicial Department, on April 6, 1955. During the period he committed the crime of which he was convicted, respondent maintained an office for the practice of law within this Department.

On or about June 18, 1987, respondent pleaded guilty, in the United States District Court for the Southern District of New York, to the crime of one count of aiding and assisting a client in the filing of a false corporate income tax return for the year 1981, in violation of 26 USC § 7206 (2), which is a Federal felony. Thereafter, on March 9, 1988, respondent was sentenced to the following: two years' imprisonment, of which a total of 90 days was to be spent in custody on weekends, and the balance was suspended; three years' probation, commencing October 30, 1988 and ending October 29, 1991; a minimum of 300 hours of community service for each of the three years of probation for a total of 900 hours; and, payment of a fine of $5,000, within two weeks of the judgment.

Since 1954, respondent has been licensed as a certified public accountant (CPA), in New York State, and he claims that the crime, of which he was convicted, resulted from his accounting practice. In his plea of guilty, respondent admitted, in pertinent part, that "[s]ometime during 1982, at the time of the preparation of the 1981 U.S. corporation income tax return for Brooklyn Bridle Iron & Steel Corporation, I was aware that there were included in the purchases for the year 1981 artificially inflated purchases represented by fictitious invoices in a material amount. Notwithstanding that knowledge, I prepared the return, signed it, and the return was eventually filed".

Subsequently, upon the basis of respondent's conviction, in April 1988, the Departmental Disciplinary Committee (DDC) instituted a "serious crime" petition, seeking respondent's interim suspension, and related relief. By order, entered June 28, 1988, we determined that the conviction involved a "serious crime", as defined by the Judiciary Law § 90 (4) (d) directed respondent to show cause, why a final order of censure, suspension, or removal from office should not be made (Judiciary Law § 90 [4] [g]), and suspended respondent

from the practice of law, pending the outcome of the disciplinary proceedings (Judiciary Law § 90 [4] [f]). Further, by order of December 20, 1988, we referred the matter to the DDC for "hearing, report and recommendation" (Judiciary Law § 90 [4] [h]).

At that hearing, respondent presented three character witnesses, including one member of the Bar of this State, and each testified that respondent is a person of strength and integrity within the community. During his testimony, respondent informed the Panel that, as a result of his conviction, in June 1989, the New York State Board of Regents suspended his CPA license for six months, commencing September 1989, and that suspension "expired March 5, 1990, at which time I was reinstated as a CPA. * * * They fined me $10,000.00 and put me on probation for two years".

The Panel filed a written report, dated October 9, 1990, which states, in pertinent part, "[t]he Panel, after weighing respondent's demeanor, his attitude toward his conviction and the diligent service of his probation, together with his responsible and still-respected role in his community, does not regard his lapse as one that is likely to recur, or that represents his true character. Therefore * * * [t]he Panel finds that a period of three years suspension (the period of his probation) is an appropriate sanction for respondent's misconduct". Further, the Panel recommends that the period of suspension commence on June 18, 1987, the date of respondent's plea of guilty, and terminate either on October 29, 1991, the date of the expiration of respondent's probation, or sooner, if probation terminates earlier.

With respect to the issue of reinstatement, the Panel recommends that respondent's "reinstatement as an attorney be effective upon completion of his probation and his filing of a reinstatement petition that reflects compliance with § 603.14 of the First Department Rules on Conduct of Attorneys (Part 603). This recommendation is also conditional upon respondent's payment of the fine assessed by the New York State Department of Education, and his satisfactory performance in the Multistate Professional Responsibility Examination as required by § 603.14 (b) (3). The Panel recommends, however, that the hearing requirement of that Section be waived. We make this recommendation understanding that departure from the usual reinstatement procedures should not be lightly allowed".

By notice of petition, dated January 8, 1991, the DDC seeks an order, confirming the Panel's findings of fact, conclusions of law, and recommendation as to sanction. Additionally, the DDC requests that its chief counsel, if so advised, be given the opportunity to oppose respondent's application for reinstatement.

Respondent, who was represented by counsel at the hearing, has not submitted any papers in opposition to the DDC motion.

After reviewing the transcript of the hearing, and the exhibits, we agree with the Panel's findings and recommended sanction of a three-year suspension.

In *Matter of Rotwein* (20 AD2d 428, 429-430 [1st Dept 1964]), which was a disciplinary proceeding involving a charge of attempted Federal income tax evasion, we stated

"[t]he inescapable fact is that respondent perpetrated a deliberate fraud on the Government. It was planned, premeditated and without the pressure of immediate necessity. Such conduct cannot escape some sanction.

"It has been repeatedly enunciated that the purpose of disciplinary proceedings is not punishment per se but protection of the public from the ministrations of the unfit * * *. Protection is afforded not only by the revocation of the license to practice but by a lesser sanction which would have the effect of a deterrent to the person at fault * * * and to others who might be similarly tempted".

Repeatedly, we have held that an attorney should not be permitted to practice law, while serving a sentence of probation for the commission of a crime *(Matter of Richter,* 93 AD2d 505 [1st Dept 1983]; *Matter of Diamond,* 150 AD2d 115 [1st Dept 1989]), and therefore, we agree with the Panel that respondent's suspension should not terminate until his probation terminates.

Since respondent undoubtedly will have been suspended for more than three years, by the time of the expiration of his Federal probation, and based upon the fact of his previously unblemished, more than 30-year career at the Bar, we also agree with the Panel that the reinstatement hearing requirement should be waived.

Accordingly, we grant the DDC's motion to the extent of confirming the Panel's findings of fact, conclusions of law, and recommended sanction, except as to the date of the commencement of respondent's suspension, and we suspend respondent

for three years, commencing June 28, 1988, and until the expiration of his probation, October 29, 1991, or until any earlier termination. Further, upon completion of probation, respondent's reinstatement, as an attorney and counselor-at-law, is conditioned upon his compliance with the requirements for reinstatement, as set forth in 22 NYCRR 603.14, including, but not limited to, filing an affidavit demonstrating compliance with the suspension order and the terms of probation, proof of payment of the $10,000 fine, assessed by the New York State Department of Education, as a result of the suspension of his CPA license, and proof of successful completion of the Multistate Professional Responsibility Examination, taken no more than six months prior to the filing of the petition for reinstatement, and, we waive the hearing requirement in connection with respondent's reinstatement application. Additionally, we grant the DDC's request, and permit the DDC chief counsel to file an affidavit, in accordance with 22 NYCRR 603.14 (a), as amended on November 30, 1990, within 30 days from the date of the filing and service of respondent's petition for reinstatement, describing any opposition to respondent's reinstatement.

MURPHY, P. J., SULLIVAN, CARRO, MILONAS and ROSS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, commencing June 28, 1988, and until the expiration of his probation, October 29, 1991, or until any earlier termination, as indicated.