*122 OPINION OF THE COURT
Per Curiam.
The movant was admitted to the practice of law in the State of New York by this Court on December 12, 1966. Based on a 1985 federal conviction on two counts of filing a false income tax return (see United States v Diamond, 788 F2d 1025 [4th Cir 1986]), we immediately suspended him from the practice of law and directed that a sanction hearing be held (Matter of Diamond, 117 AD2d 114 [1st Dept 1986]). The movant failed to appear at the hearing, and we subsequently suspended him from the practice of law for one year commencing May 13, 1986 (the date of the initial suspension) or until the completion of his probation, whichever was later, and until further order of this Court (Matter of Diamond, 150 AD2d 115 [1989]). In 2007, this Court denied an application for reinstatement by the movant. Accordingly, the movant’s suspension from the practice of law remains in effect.
In the application now before us, the movant recounts the foregoing history and asks that he be permitted to resign from the bar “in the interest of justice.” He states that he is 69 years of age and has no further desire to practice law. The Departmental Disciplinary Committee, which advises that there is no disciplinary proceeding or investigation currently pending with respect to the movant, does not oppose our granting the movant’s request. The Committee on Character and Fitness takes no position on the matter.
This Court’s rules do not provide for a voluntary resignation from the bar by an attorney in the movant’s situation, namely, an attorney suspended pursuant to a closed disciplinary proceeding and who is not subject to any pending investigation or proceeding (cf. 22 NYCRR 603.11 [a] [providing for a resignation by an attorney “who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court”]). Nonetheless, given that the movant no longer wishes to practice law, we deem it appropriate, under these particular circumstances, to grant the movant’s application to resign from the bar in the interest of justice.
Accordingly, the motion should be granted, in the interest of justice, and the movant’s resignation from the practice of law in the State of New York is accepted, effective immediately.
*123 Gonzalez, EJ., Tom, Mazzarelli, Andrias and. Friedman, JJ., concur.
Movant’s resignation accepted, and his name removed from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.