In the Matter of ARTHUR J. HAUSSMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 6, 1989

## APPEARANCES OF COUNSEL

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

*Seth Rubenstein, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on October 16, 1963.

In this proceeding the Special Referee sustained eight charges of professional misconduct (charges one, two, four, five, six, seven, ten and eleven) which alleged six separate instances of neglecting clients' matters, filing a document in the Supreme Court knowing it to contain a false statement, and failing to respond to the inquiries of the Brooklyn Bar Association and the petitioner Grievance Committee. The Special Referee failed to sustain three charges of professional misconduct (charges three, eight and nine), including one that alleged that respondent improperly exercised his power as a notary public (charge eight).

The petitioner and the respondent separately move to confirm in part and disaffirm in part the report of the Special Referee.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that it sustained charges one, two, four, five, six, seven, ten and eleven. We disagree with the Special Referee's report to the extent that it failed to sustain charge eight. The respondent is guilty of the misconduct outlined above. That branch of the petitioner's motion which was to confirm the report of the Special Referee is granted to the extent indicated above, and the respondent's cross motion to confirm in part and disaffirm in part is denied to the extent that it seeks to disaffirm the charges sustained by the Special Referee and to confirm as to charge eight.

In determining an appropriate measure of discipline to be imposed the court is mindful of the mitigating circumstances advanced by the respondent. However, the respondent has a long history of neglect of legal matters, including two letters of caution and two letters of admonition all for neglect of clients' matters, said history of neglect dating back to 1976. Accordingly, the respondent should be and hereby is suspended from the practice of law for a period of two years, commencing April 10, 1989, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and RUBIN, JJ., concur.

Ordered that the petitioner's motion to confirm so much of

the report of the Special Referee as sustains charges one, two, four, five, six, seven, ten and eleven and to disaffirm so much of the report as dismissed charge eight is hereby granted, charge eight is sustained; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is denied to the extent indicated above; and it is further,

Ordered that the respondent Arthur J. Haussman is hereby suspended from the practice of law for a period of two years, commencing April 10, 1989, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of two years upon furnishing satisfactory proof: (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Arthur J. Haussman is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney or counselor-at-law.