[607 NYS2d 250]

In the Matter of BALJIT SINGH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 25, 1994

## APPEARANCES OF COUNSEL

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jonathan Marks* of counsel *(Power, Weiss & Marks,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Baljit Singh was admitted to the practice of law

in New York by the Third Judicial Department on January 24, 1984. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about July 16, 1992, respondent was served with a notice and statement of charges alleging 11 violations of the Code of Professional Responsibility as a result of his representation of two clients. Respondent was charged with neglecting two legal matters, falsely notarizing an affidavit, misrepresenting the status of their cases to two clients, advising one client to make false statements to the United States Immigration and Naturalization Service and falsely advising the Departmental Disciplinary Committee that he had sent several letters to the Immigration and Naturalization Service requesting a rescheduling of his client's appointment when, in fact, he had not done so.

On or about August 3, 1992, respondent served an answer denying all charges. Thereafter, hearings were held before a Hearing Panel on December 7 and 14, 1992 and on January 4 and 11, 1993.

From October 1988 to March 1990, respondent was employed by Jacoby & Meyers. Since then he has been a solo practitioner, specializing in immigration and matrimonial matters.

In January 1989, respondent, then still employed by Jacoby & Meyers, was retained by Mrs. Stevens, a California resident, to enforce a California judgment for approximately $10,000 against her former husband, who resided in New York. A retainer of $1,070 was given to respondent. Mrs. Stevens alleged that between the time she retained respondent and April 1990, when she learned that he was no longer associated with Jacoby & Meyers, she made over 70 telephone calls to respondent to determine the status of her case.

Mrs. Stevens testified that, in a May 1989 telephone call, respondent advised her thàt the matter was on the court calendar for June 21, 1989. When she called him on June 22, 1989, he advised her that she had been granted a judgment. In August, he told her that he would have the money for her. On September 28, 1989, she appeared in New York to collect the funds she understood respondent was holding for her. However, she was advised that respondent did not have her money and was asked to sign an affidavit in support of a motion to enter judgment for arrears. The affidavit was undated with

respondent telling Mrs. Stevens that he would date it later. She was then mailed a verification which she signed and mailed back in November 1989.

In late December 1989, Stevens left a message for respondent informing him that her former husband was about to leave for Africa and it was imperative that respondent act prior to his departure. Mrs. Stevens testified that when she reached him on January 2, 1990 respondent falsely informed her that her former husband's bank accounts had been attached, that he could not take his money out of the country, and that if he left the country he would be arrested on his return.

An application for an order to show cause, supported by the affidavit Mrs. Stevens had executed in September 1989 and the verification she had signed in November 1989, was filed in Supreme Court, New York County, on February 28, 1990. The affidavit and verification bear the date of February 14, 1990. Each document shows the presence of white-out under the date. Respondent's notarization of Mrs. Stevens' signature is dated February 14, 1990 as well. The order to show cause was returnable on March 2, 1990. It was denied on March 15, 1990, marked "no service, no appearance."

Mrs. Stevens testified that, in March 1990, respondent told her that her former husband had not left the country and that respondent was going to serve papers on him. In April, respondent advised Mrs. Stevens that her former husband had indeed gone to Kenya and asked her to try to get his address. When she called to give this information to respondent, she was informed that he was no longer with Jacoby & Meyers. Subsequently, Jacoby & Meyers refunded Mrs. Stevens' fee. To satisfy her judgment it was necessary to bring an action in Oklahoma, where she was able to locate property belonging to her former husband.

Chanka Persad, an illegal alien, retained respondent to obtain permanent resident status on his behalf from the Immigration and Naturalization Service. Respondent was paid a retainer fee of $1,800. Despite his awareness that Mr. Persad resided in New York, respondent advised him that it would be easier to process an immigration application in Los Angeles, California. Respondent thereafter submitted the application, stating that Mr. Persad was a California resident, to the Los Angeles office of the Immigration and Naturalization Service. Mr. Persad was directed to appear for an interview in

California on October 16, 1990. Respondent advised him to obtain a proof of identity and residency card from the Department of Motor Vehicles showing a California address prior to his interview. Mr. Persad appeared in Los Angeles but was not interviewed due to his failure to obtain proof of identity from the California Department of Motor Vehicles.

Respondent alleges that he sent six letters to the Immigration Service requesting a rescheduling of the interview appointment. However, the Service indicates that it has no record of any of the letters. When respondent was asked to send a copy of the Persad file to the Disciplinary Committee, the file contained copies of six letters addressed to the Immigration Service requesting a new appointment.

At the hearing, respondent introduced an "activity sheet" from the Persad file which noted the sending of such letters. This document was not included in the copy of the file which respondent previously provided to the Committee despite the fact that the document might have tended to corroborate respondent's claim that the six letters had been sent.

The Hearing Panel concluded that respondent's failure to pursue his client's claims in the Stevens and Persad matters constituted neglect of legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and therefore sustained Charges One and Eight. The Panel credited Mrs. Stevens' testimony that respondent gave her false information by advising her that her case was on the calendar when no application had been filed with the court and by falsely informing Mrs. Stevens that her husband had left the country and that respondent had frozen her husband's bank accounts, all in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). Therefore, Charges Three and Four were sustained.

The Panel found that respondent's conduct in falsifying the date of Mrs. Stevens' signature on the affidavit and verification constituted a violation by a notary public of the powers and performance of the duties of his office in violation of New York Executive Law § 135-a (2). As such, this conduct is prejudicial to the administration of justice in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [7]) and adversely reflects on respondent's fitness to practice law in violation of DR 1-102 (A) (7). Charge Five, as it relates to a violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and Charge Six were sustained. Charge Two was not sustained.

The Panel considered that there was not sufficient credible

evidence to sustain Charges Nine and Ten. Mr. Persad had interrupted his cross-examination to plead the Fifth Amendment and another witness had testified that Persad had solicited a false document.

Based upon an assessment of the credibility of the testimony, the Hearing Panel found that the six letters allegedly sent to the Immigration and Naturalization Service were, in fact, not sent and that the activity sheet was probably fabricated in contemplation of this proceeding. It was the Panel's finding that respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and in conduct which adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), thus sustaining Charges Seven and Eleven. Staff counsel recommended that respondent be suspended from the practice of law for a period of 18 months. Respondent requested a private reprimand.

On April 27, 1993, the Hearing Panel issued its written report, sustaining 8 of the 11 charges and recommending that respondent be suspended from the practice of law for a period of three years. The Disciplinary Committee now moves to confirm the Hearing Panel's report and recommendation. Respondent admits most of the allegations against him and cross-moves for an order disaffirming the Hearing Panel's report, solely to the extent that it recommends a suspension of three years, and substituting therefor a suspension of 18 months, as recommended by staff counsel.

We agree that there is ample support for the Hearing Panel's finding that respondent is guilty of eight violations of the Code of Professional Responsibility. We further agree that a three-year suspension from the practice of law is an appropriate sanction.

Accordingly, the Hearing Panel's report is confirmed and the respondent is suspended from the practice of law for a period of three years. Respondent's cross motion is denied.

ROSENBERGER, J. P., ROSS, ASCH, RUBIN and NARDELLI, JJ., concur.

Petition granted, Hearing Panel's report confirmed, cross motion for imposition of a suspension of 18 months denied, and respondent is suspended from practice for a period of three years, effective February 25, 1994, as indicated.