[651 NYS2d 47]

In the Matter of DAVID M. LEE (Admitted as DAVID MURRAY LEE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 17, 1996

## APPEARANCES OF COUNSEL

*Carl H. Loewenson, Jr.,* and *Hal R. Lieberman* for petitioner. *Leonard A. Sclafani* of counsel *(Polatsek & Sclafani,* attorneys), and *Howard Benjamin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, David M. Lee, was admitted to the practice of

law in the State of New York by the Second Judicial Department on February 16, 1977, as David Murray Lee. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Much of the respondent's practice is serving as plaintiff's counsel to individuals with claims against the City of New York. The instant charges against the respondent stem from the following actions: (1) his fraudulent submissions of false Affirmations of Good Faith for Preliminary Conference between June 1988 and June 1991; (2) his false submission of sworn verifications of complaints and bills of particulars from May 1987 to September 1991; and (3) his practice of authorizing secretaries to notarize documents falsely on his behalf, by using his notary stamp and imitating his signature, between September 1986 and January 1992.

By committing these acts, it was alleged that the respondent violated the following: Penal Law § 210.10 (Acts 1 and 2; Counts 1 and 7); Executive Law § 135-a (2) (Act 3; Count 13); Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3) (Acts 1-3; Counts 1, 7, 13); DR 1-102 (A) (4) (Acts 1-3; Counts 2, 8, 14); DR 1-102 (A) (5) (Acts 1-3; Counts 3, 9, 15); DR 1-102 (A) (6)* (Acts 1-3; Counts 4, 10, 16); DR 1-104 (A) (2) (22 NYCRR 1200.5) (Acts 1-3; Counts 5, 11, 17); and DR 7-102 (A) (5) (22 NYCRR 1200.33) (Acts 1 and 2; Counts 6 and 12).

Prior to the hearings, the Panel dismissed Counts 1 and 7. After holding hearings, it issued a report sustaining Counts 3, 4, 5, 9, 10, 11, 15 and 16, and dismissing Counts 2, 6, 8, 12, 13, 14 and 17. The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d), affirming in part and disaffirming in part the findings and conclusions of the Hearing Panel and imposing upon the respondent a sanction that this Court deems just and equitable, but no less severe than a two-year suspension. The respondent cross-moves to confirm the findings and conclusions of the Hearing Panel as to Counts 1, 2, 6, 7, 8, 12, 13, 14 and 17, to disaffirm its findings and conclusions as to Counts 3, 4, 5, 11, 15 and 16, and to confirm the Hearing Panel's recommended sanction of censure.

---

* Based upon amendments to the Disciplinary Rules, DR 1-102 (A) (6) before 1990 was designated DR 1-102 (A) (7) after 1990. This provision is now designated DR 1-102 (A) (8) "conduct that adversely reflects on fitness to practice law".

We grant, in part, and deny, in part, the Committee's motion to confirm the Hearing Panel's report, to the extent of reinstating and sustaining Counts 1, 2, 6 and 17, and direct that the respondent should be suspended from the practice of law for a period of two years. Since the respondent swore to information in the Affirmations of Good Faith which he knew was not true, there was proof in the record to sustain the first Count charging illegal conduct. In addition, respondent engaged in a continuous pattern of serious misconduct by knowingly submitting false documents to the court. The respondent did present numerous character witnesses, including Judges, supervising attorneys, and adversaries who testified as to his positive attributes. However, in consideration of both the nature of the offenses, the fact the respondent has been admonished by the Departmental Disciplinary Committee on three prior occasions, twice for neglect and once for failure to withdraw as counsel, and the other aggravating and mitigating factors presented, we find that a two-year suspension is the appropriate sanction (*Matter of Haussman*, 145 AD2d 280).

Accordingly, the Committee's motion to confirm the Hearing Panel's report as to its findings of fact and conclusions of law is granted, except that the report is disaffirmed as to the dismissal of Counts 1, 2, 6 and 17, which dismissals we find to be either contrary to the law or against the weight of the evidence, and those Counts are reinstated and sustained. The Committee's motion to impose a sanction no less severe than a two-year suspension is granted, the recommended sanction of public censure is disaffirmed and the respondent's cross motion to confirm and disaffirm the Hearing Panel's report in part and impose a less severe sanction should be denied to the extent indicated above. The respondent is suspended for a period of two years commencing immediately and until further order of this Court.

ROSENBERGER, J. P., ELLERIN, WALLACH, RUBIN and KUPFERMAN, JJ., concur.

Application granted to the extent of confirming the Hearing Panel's report except as to the dismissal of Counts 1, 2, 6 and 17, which dismissals this Court finds to be either contrary to the law or against the weight of the evidence, and those Counts are reinstated and sustained; the Committee's motion to impose a sanction no less severe than a two-year suspension granted; the recommended sanction of public censure disaffirmed; and respondent's cross motion to confirm and disaffirm the Hearing Panel's report in part and impose a less severe sanction denied,

all as indicated; and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective February 17, 1997, and until the further order of this Court. [As amended by unpublished order entered January 23, 1997.]