[—— NYS2d ——]

In the Matter of Trevor L. Brooks (Admitted as Trevor Leslie Brooks), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 10, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Trevor L. Brooks was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 1976, as Trevor Leslie Brooks. At all times rel-

evant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i ), immediately suspending respondent from the practice of law until further order of this Court, due to his willful failure to cooperate with the Committee in its investigation.

At the present time, there are 10 pending complaints against respondent, who has previously received two letters of admonition from the Committee for conduct in violation of Code of Professional Responsibility DR 7-106 (C) (6), DR 1-102 (A) (8) and DR 1-104 (A) (2) (22 NYCRR 1200.37, 1200.3, 1200.5). The pending complaints, all from former clients, include, *inter alia*, neglect of a legal matter, failure to prosecute a legal matter resulting in dismissal, failure to inform clients that he was moving to Jamaica, West Indies, failure to refund unearned retainer fees and misrepresentation to clients of the status of their legal matters.

In 1996, respondent requested a two-year leave of absence from the practice of law and, after being advised by the Disciplinary Committee that the Judiciary Law does not contemplate such a procedure, notified his clients that he had requested a leave. At the time of respondent's request, there were two open complaints against him. Subsequently, respondent informed the Committee that he was running for political office in Jamaica, West Indies, and that much of his time would therefore be spent out of New York.

Pursuant to the Disciplinary Committee's investigation into the complaints against respondent, a court-ordered subpoena was issued directing him to appear on November 13, 1997. The Committee granted respondent's request to adjourn the subpoena to December 3, 1997 because he was in Jamaica campaigning for public office. Respondent communicated with the Committee on December 1, 1997, stating that he would be unavailable on December 3 and requesting a further adjournment to January 1998. Respondent has failed to appear to date and has failed to respond to this motion or to otherwise communicate with the Court.

22 NYCRR 603.4 (e) (1) provides for the suspension of an attorney who is the subject of an investigation, pending consideration of the charges against him, upon a finding that he is guilty of "professional misconduct immediately threatening the public interest." One of the bases for such a finding is the attorney's failure to "comply with any lawful demand of this

court or the [Committee] made in connection with any investigation, hearing, or disciplinary proceeding." (22 NYCRR 603.4 [e] [1] [i].)

Under the circumstances, the Committee's motion for a suspension should be granted. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation". *(Matter of Gordon,* 142 AD2d 135, 137.)

Accordingly, the motion is granted, and respondent is suspended from the practice of law, effective immediately, and until the further order of this Court.

SULLIVAN, J. P., ELLERIN, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted to the extent of suspending respondent from the practice of law in the State of New York, effective immediately, and until the further order of this Court.