[708 NYS2d 22]

In the Matter of TREVOR L. BROOKS (Admitted as TREVOR LESLIE BROOKS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 18, 2000

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa & Ross,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Trevor L. Brooks, was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 1976, as Trevor Leslie Brooks. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On March 10, 1998, this Court suspended respondent, who had previously received two letters of admonition, on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), due to his willful failure to cooperate with petitioner Departmental Disciplinary Committee in its investigation of allegations of misconduct, including his failure to appear at a court-ordered deposition. (*Matter of Brooks,* 241 AD2d 16.) At the time, there were 10 pending complaints against respondent, all from former clients, which included, *inter alia,* neglect of a legal matter, failure to prosecute a legal matter resulting in dismissal, failure to inform clients that he was moving to Jamaica, West Indies, failure to refund unearned retainer fees and misrepresentation to clients of the status of their legal matters.

By a notice and statement of charges dated December 8, 1998, and amended March 17, 1999, focusing on respondent's dealings with seven separate legal matters, with a charge relating to his failure to cooperate with the Committee, respondent was charged with violating Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]), DR 1-104 (a) (2), DR 2-106 (c) (2) (ii), DR 6-101 (a) (3), DR 7-101 (a) (3), DR 7-102 (a) (2) and (5), DR 7-106 (a) and DR 9-102 (c) (3) (22 NYCRR 1200.3, 1200.5, 1200.11, 1200.30, 1200.32, 1200.33, 1200.37, 1200.46). Thereafter, on April 5, 1999, the parties entered into a prehearing stipulation in which respondent admitted to 28 violations of the Disciplinary Rules—all of the misconduct with which respondent was charged. A hearing was conducted before a Referee, who issued a report and recommendation sustaining all the charges and recommending that respondent be disbarred. A Hearing Panel, after hearing

argument and upon a review of the record, confirmed the Referee's report and recommendation.

The Referee and the Hearing Panel found that respondent neglected numerous client matters, resulting, *inter alia*, in the deportation of two clients and the dismissal of two actions commenced on behalf of two other clients; repeatedly failed to comply with court orders and directives; advanced claims before the court which he knew were unwarranted under existing law; failed to cooperate with the Committee in its investigation, resulting in his interim suspension; failed to apprise clients and the court of his suspension from practice; attempted to withdraw as counsel on a matter without notifying his client; filed a retainer agreement with the court in a matrimonial matter that contained false information, a false signature of his client and a false notarization; misrepresented to a client the amount of his legal fee; misrepresented on the record in open court the amount of his legal fee; failed to comply with a signed release and settlement with his client; failed to provide invoices and a written accounting to a client, as requested; levied and executed $21,021 from an escrow account without notice to his client; failed to exercise required supervision over his staff, resulting in the filing with the court of documents containing incorrect information with false notarizations without his client's knowledge or authority; made a false statement in an affidavit filed with the court, resulting in the court's release of escrow funds which respondent knew were not his to take; failed to return unearned escrow fees, resulting in his client's expenditure of additional attorney fees to attempt to retrieve those funds from respondent and committed conduct prejudicial to the administration of justice on several occasions.

The Committee staff and respondent jointly recommended a five-year suspension, retroactive to the date of the interim suspension. After sustaining all the charges and concluding that "respondent engaged in a pattern of behavior that is inappropriate for an attorney of the Bar of this State, much less an attorney who has over 25 years of experience," the Referee, however, recommended disbarment. While his report referred to certain mitigating factors offered by respondent, including "a severe lack of mental focus" due to various physical ailments and personal tragedies, the Referee noted that the misconduct was serious and pervasive and that respondent's "callous disregard" for his clients irreparably injured them. In addition, the Referee found that it was unclear whether re-

spondent would ever make restitution, and further, that he did not fully accept responsibility for his conduct.

The Hearing Panel agreed with the recommendation of disbarment. Its report noted that "the nature and duration of the admitted misconduct was so serious as to warrant disbarment absent convincing proof of extenuating circumstances." The Panel took into consideration the physical and psychological stress respondent was under, but could not ignore the irreparable injury inflicted on certain clients; it also found that respondent's problems did not explain intentional and repeated misstatements to a court.

This is a petition by the Disciplinary Committee to confirm the Referee's report and Hearing Panel determination and a motion by respondent to disaffirm the Referee's report. Respondent, in mitigation of his misconduct, points to various health problems, both physical and psychological, and personal tragedies. He argues that these circumstances are "far more compelling" than those involved in numerous other disciplinary matters (see, e.g., Matter of Heller, 195 AD2d 134; Matter of Singh, 195 AD2d 197; Matter of Lee, 230 AD2d 282).

We agree with the Referee and the Hearing Panel that disbarment is the appropriate sanction. (See, Matter of Feldman, 252 AD2d 76.) Respondent engaged in pervasive misconduct—often with dire consequences for the client—over a period of nine years, demonstrating a "long-standing pattern of insensitivity to his legal and ethical obligations." (See, Matter of Hunter, 120 AD2d 214, 220.) As to the mitigating circumstances upon which respondent relies, "absent extremely unusual circumstances, not here apparent, * * * personal problems cannot provide justification, even in mitigation, for wrongful behavior." (Matter of Pinello, 100 AD2d 64, 66, appeal dismissed 62 NY2d 940.) As has often been stated, " 'the purpose of disciplinary proceedings is not punishment per se but protection of the public.' " (Matter of Levine, 168 AD2d 116, 119, quoting Matter of Rotwein, 20 AD2d 428, 429-430; see, also, Matter of Pinello, supra, 100 AD2d, at 66.)

Accordingly, the petition to confirm the Hearing Panel's determination, confirming the Referee's report and recommendation, should be granted and respondent be disbarred. Respondent's motion to disaffirm the Referee's report should be denied.

SULLIVAN, P. J., MAZZARELLI, ELLERIN, RUBIN and ANDRIAS, JJ., concur.

Petition to confirm determination of Hearing Panel granted and respondent disbarred from the practice of law in the State

of New York and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Motion to disaffirm and for other relief denied.