[812 NYS2d 640]

In the Matter of ERIC STEELE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 4, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

*Eric Steele*, Washington, D.C., respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By order of the District of Columbia Court of Appeals dated

February 17, 2005, the respondent was suspended from the practice of law for a period of three years with reinstatement conditioned upon, among other things, his making restitution to two of his clients, based upon a pattern of misconduct including intentional neglect and dishonesty. The petitioner served the respondent with a notice of motion dated May 16, 2005, pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days after service of the notice of motion upon him, to file a verified statement setting forth any of the enumerated defenses to the imposition of reciprocal discipline based upon his suspension in the District of Columbia. The petitioner further apprised the respondent of his right to demand a hearing with respect to any of the enumerated defenses raised and notified him that in the event of a default in filing a verified statement, the court would impose discipline. Although served with the petitioner's motion on May 16, 2005, the respondent failed to submit a verified statement or demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

The District of Columbia Court of Appeals found the nature of the respondent's violations to be serious. His misconduct included intentional neglect and dishonesty, causing five of his clients to lose their respective claims against their former employers, and causing two clients to sustain large default judgments against them. The respondent's actions surrounding the proffer of a purported subpoena to a judicial officer as a justification for failing to appear at a court proceeding were deemed to raise "severe and unavoidable concerns about dishonesty."

The District of Columbia Court of Appeals concluded that the evidence showed a pattern of aggravated neglect of several clients, and that the respondent's behavior caused a range of harm to his clients including adverse judgments, financial loss, needless uncertainty, and a disrespect for the profession. Although the respondent did not obtain financial gain through conversion of client funds, he readily accepted fees from clients without rendering the requisite services in return. The District of Columbia Court of Appeals emphasized the unequivocal evidence of the respondent's dishonesty in his representations to a judge, other lawyers, and his clients.

In mitigation, the Board on Professional Responsibility of the District of Columbia considered that the respondent was a sole practitioner without prior discipline.

Based on the findings of fact and the reasoning articulated by the District of Columbia Court of Appeals, the petitioner's mo-

tion to impose discipline on the respondent is granted and the respondent is suspended from the practice of law in the State of New York for a period of three years.

PRUDENTI, P.J., FLORIO, H. MILLER, ADAMS and SKELOS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Eric Steele, is suspended from the practice of law for a period of three years, commencing May 4, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provision of this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eric Steele, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Eric Steele, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).