[995 NYS2d 32]

In the Matter of ROBERT N. VOHRA (Admitted as ROBERT NARESH VOHRA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department October 23, 2014

___

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Robert N. Vohra*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on April 17, 1989 as Robert Naresh Vohra. He was also admitted to the bar of the District of Columbia in 1990, where he maintains a registered business address. Respondent is also admitted in California.

By order dated June 27, 2013, the District of Columbia Court of Appeals suspended respondent from the practice of law for three years, effective from the date on which he filed, or files, the affidavit required by DC Bar rule XI, § 14 (g), and subject to the requirement that he demonstrate his fitness to resume the practice of law as a condition of his reinstatement (*In re Vohra*, 68 A3d 766 [DC 2013]). The court's decision was based upon findings by the Board on Professional Responsibility (the Board) that respondent had violated rules 1.1 (a) and (b), 1.3 (a), (b) (1), (2) and (c), 1.4 (a) and (b), 3.3 (a) (1), 8.1 (a) and 8.4 (b), (c) and (d) of the District of Columbia Rules of Professional Conduct by neglecting his clients' immigration case, thereby causing an unnecessary expenditure of time and resources by the government in having to reopen and reconsider its prior final decision denying the clients' investment visa applications, by making it necessary for a successor counsel to undertake extensive efforts to rectify the situation respondent created, by filing verified visa applications with forged signatures, and by making multiple misrepresentations to the District of Columbia Bar Counsel during the disciplinary investigation.

The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 suspending respondent from the practice of law for three years, nunc pro

tunc to June 27, 2013, based upon the similar discipline imposed by the District of Columbia Court of Appeals or, in the alternative, sanctioning respondent as this Court deems appropriate.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), a respondent is precluded from raising any defenses except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. Respondent does not dispute that he has no viable defenses under 22 NYCRR 603.3 (c) and by verified statements dated July 17 and 24, 2014, consents to reciprocal discipline. Respondent received notice of the charges against him in the District of Columbia proceeding and, represented by counsel, answered the charges, appeared at a hearing at which he testified on his own behalf and called witnesses, participated in briefing and oral argument before the Board, and submitted two briefs to the District of Columbia court. There is no infirmity of proof establishing his misconduct, which is evidenced by, among other things, his admissions and the clients' testimony. Respondent's misconduct in the District of Columbia would also constitute misconduct under New York's Code of Professional Responsibility DR 1-102 (a) (3), (4) and (5) (22 NYCRR 1200.3 [a] [3], [4], [5]); DR 6-101 (a) (1) and (3) (22 NYCRR 1200.30 [a] [1], [3]); and DR 7-101 (a) (1) and (3) (22 NYCRR 1200.32 [a] [1], [3]). As such, the only issue for resolution by this Court is the appropriate sanction to be imposed.

Although the District of Columbia suspended him for three years, respondent requests that the sanction be limited to a two-year suspension nunc pro tunc to March 2, 2012, the effective date of his interim suspension in the District of Columbia. In support of his contention that a two-year suspension is more in accord with this Court's prior decisions for comparable misconduct (see e.g. Matter of Meyers, 108 AD3d 158 [1st Dept 2013]; Matter of Cohen 40 AD3d 61 [1st Dept 2007]), respondent states that he demonstrated remorse for his action, apologized to his clients, refunded his fee, and worked diligently with successor counsel; that the Board noted that his misconduct was grounded in weakness, not malice; and that the Supreme Court of California effectively imposed a two-year reciprocal suspension (see Vohra on Discipline, 2014 Cal LEXIS 4715 [Sup Ct, Mar. 26, 2014, No. S216051]).

It is a generally accepted principle that the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (see Matter of Reiss, 119 AD2d 1, 6 [1st Dept 1986]; see also Matter of Davis, 109 AD3d 154 [1st Dept 2013]). Only in rare instances will we depart from this general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).

On the record before us, there is no compelling reason to depart from the District of Columbia's three-year suspension, which does not deviate significantly from precedent, in which similar suspensions have been imposed on attorneys who have neglected client matters and failed to handle caseloads appropriately (see e.g. Matter of Steele, 30 AD3d 92 [2d Dept 2006]; Matter of Singh, 195 AD2d 197 [1st Dept 1994]). Respondent committed 13 violations of the District of Columbia's Rules of Professional Conduct in a single immigration matter involving the obtaining of visas for a married couple. This misconduct included ongoing neglect of his clients' matters and numerous rule violations, some involving dishonesty.

Furthermore, respondent has a prior history of discipline. By order dated November 22, 2000, the District of Columbia Court of Appeals suspended respondent from the practice of law for 30 days, which was stayed for a two-year probationary period if respondent submitted to a practice monitor and continued mental health treatment. The court's decision was based upon findings by the Board that respondent had violated the District of Columbia Rules of Professional Conduct rules 1.1 (a), 1.2 (a), 1.3 and 8.4 (c) by failing to complete certain tasks that he had promised a client, by misrepresenting to that client that work had been completed when it had not, and by permitting his law firm to seek reimbursement for fees that had not been incurred (see In re Vohra, 762 A2d 544 [DC 2000]). By order entered January 21, 2003, this Court imposed reciprocal discipline and publicly censured respondent (303 AD2d 61 [1st Dept 2003]). Respondent also received an informal admonition, by letter dated December 27, 2007, for engaging in the unauthorized practice of law in the Commonwealth of Virginia, and was found in criminal contempt of the District of Columbia Superior Court in 2010 for failing to provide documents in response to a subpoena issued by the District of Columbia Bar Counsel.

Thus, considering the nature and seriousness of the misconduct, respondent's prior discipline, the prejudice to the client,

respondent's attitude and the mitigating factors raised by respondent, a three-year suspension, nunc pro tunc to March 2, 2012, the effective date of the District of Columbia's interim suspension, is appropriate. Respondent's mitigation evidence was considered by the District of Columbia court, which rejected Bar Counsel's request for disbarment.

Accordingly, the Departmental Disciplinary Committee's petition for an order imposing reciprocal discipline should be granted and respondent should be suspended from the practice of law for a period of three years, nunc pro tunc to March 2, 2012, and until further order of this Court.

GONZALEZ, MAZZARELLI, FRIEDMAN, ANDRIAS and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to March 2, 2012, and until further order of this Court.