Matter of Ponder (2026 NY Slip Op 01286)

Matter of Ponder

2026 NY Slip Op 01286

Decided on March 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
David Friedman Bahaati E. Pitt-Burke LlinÉt M. Rosado Marsha D. Michael
Justices.
 Motion No. 2025-04519 Case No.2025-05042
 In the Matter of Brian Lamar Ponder
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Brian Lamar Ponder (OCA Atty. Reg. No. 5102751)
Respondent.

Motion No. 2025-04519|Docket No. 2025-05042|

[*1]In the Matter of Brian Lamar Ponder, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Brian Lamar Ponder (OCA Atty. Reg. No. 5102751), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Brian Lamar Ponder, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 24, 2013.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Sean A. Brandveen, of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent.

Per Curiam 

Respondent Brian L. Ponder was admitted to the practice of law in the State of New York by the Third Judicial Department on January 24, 2013, under the name Brian Lamar Ponder. Respondent maintains a registered address in the First Judicial Department.
In June 2018, the Chief Judge for the U.S. District Court for the Western District of Oklahoma (WDOK) referred two complaints against respondent to the court's Committee on Discipline (COD). Consequently, the COD conducted a disciplinary investigation against respondent and issued a report to the Chief Judge on November 30, 2018. The report found that respondent committed professional misconduct in connection with eight separate matters before the WDOK for which he should be referred for a disciplinary hearing.
In the first matter, respondent's failure to appear at a discovery hearing resulted in an award of $6,420.95 in attorney fees and expenses to the defendant, which respondent was required to pay. The court also warned respondent that his conduct "raises serious concerns about his ability to continue practicing in this federal judicial district" and that if he continues to fail to cooperate in discovery, the court may refer respondent to the Chief Judge of the Court for disciplinary proceedings.
In the second matter, respondent similarly failed to appear for a status and scheduling conference. The court noted that this was not the first time that respondent failed to appear for a status conference and that such conduct must be rectified by respondent to properly fulfill his duties as an attorney before the court. The court warned respondent that further non-appearance at status conferences would result in sanctions against him.
In the third matter, respondent failed to comply with the court's order permitting him to file a motion for attorney's fees by April 15, 2017, for work performed up to March 9, 2017. He waited nearly seven months to file the motion and sought fees for work incurred after March 9, 2017. As a result, the motion was denied.
In the fourth matter, the court sanctioned respondent in the amount of $4,427.96 for failing to appear at a status and scheduling conference. After he failed to pay the sanctions or appear at the contempt hearing for his nonpayment, he was found in contempt.
In the fifth matter, respondent filed a motion to dismiss one of the defendants on behalf of the plaintiff. The court granted the motion but directed the plaintiff to pay the defendant's attorney's fees as a sanction for pursuing groundless claims against that defendant. The other defendants moved for summary judgment which the court granted, opining that the undisputed facts "show[ed] plaintiff's claims to be spurious and suggest an attempt to use the FDCPA as some sort of shake-down scheme, rather than a means of rectifying a legitimate injury or of resolving a legitimate dispute."
Similarly, in the sixth matter, the court required the plaintiff, who was represented by respondent, to pay the defendant's attorney's fees after the court found that the action was brought in bad faith and for the purpose of harassment.
And again, in the seventh matter, the plaintiff, while represented by respondent, was required to pay the defendant's attorney's fees for failing to respond to the defendant's two motions to compel discovery and to sufficiently respond to the defendant's interrogatories. The matter was ultimately dismissed with prejudice after the plaintiff failed to respond to the defendant's motion to dismiss and related motion to deem confessed its motion to dismiss.
Lastly, in the eighth matter, respondent was sanctioned for failing to intervene during the deposition of his client, the nonparty in the action. At the deposition, respondent's client used profanity and directed vulgar insults at the defendant's attorney while respondent sat idlily and pretended not to hear the offensive remarks. The court found that sanctions against respondent and his client were warranted as the language was "vile and vulgar," and for the purpose of disrupting the deposition. Additionally, the court found that respondent's inaction impeded and frustrated the fair examination of the nonparty, and that "[a]ny reasonable attorney representing [this client] would have intervened in an effort to curb his outrageous behavior." The court ordered respondent and his client to pay the defendant's reasonable attorney's fees.
Based on these allegations, a disciplinary hearing was conducted on January 28, 2019 before a three-judge panel. At the hearing, respondent was afforded an opportunity to address the allegations and to supplement the record with evidence or testimony. The panel rejected respondent's arguments as groundless and unavailing, and found, in its January 31, 2019 order and decision, that respondent engaged in a pattern of misconduct warranting disbarment.
Specifically, the panel found that the uncontroverted factual record reflected that respondent repeatedly pursued frivolous claims resulting in attorney's fees and sanctions; inexcusably missed filing deadlines and hearings; refused to engage in good faith discovery; and participated in deceitful conduct before the court. The panel further noted that respondent remained silent and refused to intervene during his client's outrageous behavior and profane-laden deposition. The panel recommended disbarment upon finding that respondent engaged in multiple violations of the Oklahoma Rules of Professional Conduct (ORPC), which prohibit a lawyer from (i) pursuing frivolous claims (Rule 3.1); (ii) knowingly making or failing to correct false statements of material fact or law (Rule 3.3[a][1]); (iii) failing to make reasonably diligent efforts to comply with discovery (Rule 3.4[d]); and (iv) engaging in dishonesty, fraud, deceit, misrepresentation or conduct prejudicial to the administration of justice (Rule 8.4[c], [d]).
On February 5, 2019, the Chief Judge of the WDOK adopted the panel's findings and recommendation and disbarred respondent. Respondent failed to notify this Department or the Attorney Grievance Committee (AGC) of his disbarment as required by 22 NYCRR 1240.13(d).
As for the instant motion before us, dated August 12, 2025, the AGC seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline by the WDOK, and disbarring respondent, or issuing such discipline as the Court deems just and proper. Respondent does not contest the imposition of reciprocal discipline but requests that it be limited to a public censure, or, in the alternative, no more than a three-month suspension.
In a reciprocal discipline proceeding, the respondent may raise the following defenses, pursuant to 22 NYCRR 1240.13(b): (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses are available here. Respondent received notice of the allegations at issue; appeared and unsuccessfully defended himself at the hearing before the three-judge panel; and the misconduct findings against him are detailed and amply supported by the COD's report. Moreover, respondent's misconduct before the WDOK would constitute misconduct in violation of rules 3.1 (frivolous conduct); 3.3(a)(1) (false statements of material fact or law); 3.3(a), (c) (suppressing or concealing evidence or disregarding a tribunal's rule or ruling); and 8.4(c)-(d) (dishonesty, fraud, deceit, misrepresentation, or conduct prejudicial to the administration of justice) of the New York Rules of Professional Conduct (22 NYCRR 1200.0).
With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).
We find that disbarment is the appropriate sanction in this matter as it is commensurate with the discipline imposed by the WDOK and in accord with this Court's precedent involving comparable conduct (see Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]; Matter of Hatton, 44 AD3d 49 [1st Dept 2007]; Matter of Brooks, 271 AD2d 127 [1st Dept 2000], appeal dismissed and lv dismissed 95 NY2d 955 [2000]).
Accordingly, the AGC's motion should be granted, and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, is granted, and respondent, Brian Lamar Ponder, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Brian Lamar Ponder, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Brian Lamar Ponder, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Brian Lamar Ponder, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 05, 2026